## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ROWLAND JAMES**                                      **CIVIL ACTION**

**VERSUS**                                             **NO. 12-2228**

**GREG CHAMPAGNE, et al.**                             **SECTION: "G"(5)**


### ORDER AND REASONS

Before the Court is Defendants Greg Champagne ("Champagne") and Michael Wright's ("Wright") (collectively, "Defendants") Motion to Dismiss Complaint for Failure to State a Claim on Which Relief May Be Granted Pursuant to Fed. R. Civ. P. 12(b)(6).[1] Plaintiff Rowland James ("James") has not filed an opposition to the pending motion. After considering the complaint, the pending motion, the memorandum in support, the record, and the applicable law, the Court will grant in part the pending motion and dismiss James's Section 1983 claims; the Court will decline to exercise pendant jurisdiction over James's remaining state law claims, and so they are dismissed without prejudice.

### I. Background

*A. Factual Background*

In the complaint, James names Champagne as defendant, both in his individual capacity and in his official capacity as sheriff of St. Charles Parish, and Wright, in his capacity as a deputy with St. Charles Parish.[2] James alleges that on April 5, 2011, he was arrested by Wright.[3] James further claims that "[t]he allegations surrounding the arrested [sic] were unfound [sic] and unsupported by

---

[1] Rec. Doc. 4.

[2] Rec. Doc. 1 at ¶ 2.

[3] *Id.* at ¶ 3.

any evidence, investigation or eye-witness."[4] James explains that the charges "consisted of Aggravated Battery alleged [sic] committed upon two employees of [James's] former employer."[5]

James further alleges that he "had to endure the expense of bonding out of jail and retaining several attorneys for his defense," and that he "further feels that because of the lack of investigation by Deputy Michael Wright and lack of training by Sheriff Greg Champagne [James's] civil rights were violated."[6] On October 14, 2011, James was acquitted at trial on the underlying charge of his arrest and claims "[t]here was absolutely no evidence to corroborate the allegations which lead to [James] being charged with two (2) felonies."[7]

James invokes this Court's jurisdiction under 28 U.S.C. §§ 1331 and 1343 for alleged violations of 28 U.S.C. § 1983 and under 28 U.S.C. § 1367 for his related state law claims.[8] James seeks damages for "medical treatment, general damages for mental anguish, pain and suffering along with reasonable attorney fees, and cost of court incurred in prosecution of this matter."[9]

---

[4] *Id.* at ¶ 4.

[5] *Id.* at ¶ 5.

[6] *Id.* at ¶¶ 6-7.

[7] *Id.* at ¶ 8.

[8] *Id.* at ¶ 1.

[9] *Id.* at p. 2.

***B. Procedural Background***

James filed the complaint in this matter on September 7, 2012.[10] On October 17, 2012, Defendants filed the pending motion to dismiss.[11] James never filed an opposition or any response to the pending motion.

## II. The Pending Motion

In support of the pending motion, Defendants first argue that James's claims have prescribed.[12] Defendants explain that under United States Supreme Court precedent, the statute of limitations period governing Section 1983 claims is the forum state's statute of limitations period for personal injury actions.[13] However, when a Section 1983 claim begins to accrue is determined by federal law; Fifth Circuit jurisprudence has held that it begins to run when the plaintiff "becomes aware that he has suffered an injury or has sufficient information to know that he has been injured."[14]

Defendants argue that Louisiana Civil Code article 3492 applies a one year prescriptive period to personal injury actions. Defendants opine that "presumably, [James] asserts that the date of his acquittal, on or about October 14, 2011, must be the relevant date in the circumstances of the present suit, since he is seeking damages up to that time. The theory of his complaint is that, since he was acquitted and not convicted, then the deputy who obtained the warrant for his arrest and his employer are liable to him for damages." However, Defendants contend that James had knowledge

---

[10] *Id.*

[11] Rec. Doc. 4.

[12] Rec. Doc. 4-1 at p. 3.

[13] *Id.* (citing *Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985), *superseded by statute on other grounds*).

[14] *Id.* at pp. 3-4 (citing *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987)).

of his alleged injury at the time of his arrest on April 5, 2011, which was over a year from the filing of this action on September 7, 2011.[15]

In addition to prescription, Defendants argue that the complaint still fails to state a claim. Regarding the claims against Champagne for "lack of training," Defendants aver that the complaint simply states legal conclusions and "states no facts sufficient to support a claim for damages based on a lack of training."[16] Moreover, Defendants highlight that the complaint alleges that James only "feels" that there was a lack of training.

Defendants further explain that for Champagne to be held liable for any alleged constitutional violation of his deputy, Wright, James must prove that a policy or custom of Champagne directly caused the deprivation, or that Champagne was directly involved in the alleged incident.[17] Defendants argue that the allegations in the complaint do not state that Champagne was present at the arrest, and therefore could not have directly contributed to the alleged constitutional violation. Furthermore, Defendants maintain that James "states no facts in his complaint to show that any policy of custom of Sheriff Champagne directly caused any alleged constitutional violation. Plaintiff's allegations are merely statements as to the lack of training without any facts to support the allegation. Further, Plaintiff's 'feeling' that his civil rights were violated does not amount to a fact sufficient to support his allegation."[18] Defendants argue that James has pled no facts to prove that Champagne negligently trained Wright. Likewise, Defendants aver that the claims in the

---

[15] *Id.* at p. 4.

[16] *Id.* at p. 5.

[17] *Id.* (citing *Brooks v. George County, Miss.*, 84 F.3d 157 (5th Cir. 1996)).

[18] *Id.*

4

complaint against Wright are unsupported by factual allegations and are premised on the fact that James "feels" there was a lack of an investigation.[19]

As yet another alternative, Defendants claim they are protected from liability under qualified immunity.[20] Finally, Defendants argue that if this Court dismisses James's federal claims, it should also dismiss his state law claims, "if they exist, as prescribed and/or for want of jurisdiction." Defendants aver that James would not be able to carry his burden on any state law claim, including false arrest.[21]

### III. Standard on a Motion to Dismiss

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "the central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."[22] "A motion to dismiss on the basis of the pleadings alone should rarely be granted."[23] Although a court must accept the factual allegations in the pleadings as true, the plaintiff must plead enough facts to state a claim to relief that is plausible on its face.[24] "Determining whether a complaint states a plausible claim for relief will [] be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[25] "Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to

---

[19] *Id.* at p. 6.

[20] *Id.* at pp. 6-8.

[21] *Id.* at p. 8.

[22] *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008).

[23] *Madison* v. *Purdy*, 410 F.2d 99, 100 (5th Cir. 1969).

[24] *Doe*, 528 F.3d at 418 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

[25] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

dismiss."[26] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice... [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief."[27] Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true.[28]

## IV. Analysis

While James has failed to file an opposition to the pending motion, this Court notes that a district court may not grant a motion to dismiss for the plaintiff's failure to file an opposition without considering the merits of the complaint.[29] Therefore, this Court will consider the merits of the complaint and determine if dismissal is warranted.

### A. Prescription

Defendants have argued that James's Section 1983 claims have prescribed because he filed this suit more than a year after his alleged improper arrest. James has only named Champagne and Wright as defendants, and James's Section 1983 claims are premised on his alleged improper arrest, from which all other negative consequences have resulted. Under Section 1983, "the statute of limitations begins to run from the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured."[30] Section 1983 claims that arise

---

[26] *Drs. Bethea, Moustoukas & Weaver, LLC v. St. Paul Guardian Ins. Co.*, 376 F.3d 399, 403 n. 7 (5th Cir. 2004).

[27] *Ashcroft*, 556 U.S. at 678-79 (2009) (internal quotation marks omitted).

[28] *Twombly*, 550 U.S. at 555-56.

[29] *See Webb v. Morella*, 457 F. App'x 448, 452 (5th Cir. 2012) (pur curiam).

[30] *Helton*, 832 F.2d at 335.

within Louisiana are governed by Louisiana's one-year prescriptive period applicable to personal injury actions.[31] There is no allegation in the complaint concerning actions by the two defendants that are alleged to have occurred after his arrest on April 5, 2011, and James has failed to respond in an opposition to assert any reason why his claims have not prescribed. Assuming all allegations in the complaint as true, James alleged the improper arrest occurred on April 5, 2011 – more than one year before this action was filed. If the April 5, 2011 arrest was improper, James knew he had suffered an injury at the time of his arrest and could have filed suit. Therefore, James's Section 1983 actions had prescribed when he filed this suit on September 7, 2012.

### B. Failure to State a Claim

In addition to prescription, James has failed to plead fact sufficient to defeat the pending motion with regard to his Section 1983 claims, therefore also warranting dismissal. James's complaint is devoid of any factual allegation other than the date of his arrest and acquittal. James merely makes the conclusory allegation that the arrest by Wright was "unfound [sic] and unsupported by any evidence, investigation or eye-witness."[32] As noted above, conclusory allegations unsupported by sufficient factual allegations will not defeat a motion to dismiss.[33] Moreover, James only states that he "feels" a lack of investigation violated his civil rights. A mere feeling does not raise James's entitlement to relief above the "speculative level" necessary to defeat a motion to dismiss.[34] The allegations in the complaint are insufficient to state a plausible claim for

---

[31] *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989).

[32] Rec. Doc. 1 at ¶ 4.

[33] *Drs. Bethea, Moustoukas & Weaver, LLC*, 376 F.3d at 403 n. 7.

[34] *See Twombly*, 550 U.S. 555-56.

a constitutional violation against Wright for the arrest, and therefore this claim will be dismissed with prejudice.

James has also articulated a cause of action under Section 1983 against Champagne for an alleged failure to train Wright. As Defendants have emphasized, James's complaint makes no factual allegations regarding this claim and premises the claim on James "feel[ing]" that a lack of training resulted in the alleged constitutional violations. A claim against a police sheriff in his official capacity is treated as a claim against a county or parish.[35] To establish liability on such a claim, a plaintiff must "demonstrate a policy or custom which caused the alleged constitutional deprivation."[36] Here, James alleges no policy or custom of Champagne or the parish to make his entitlement to relief plausible. Again, when the facts alleged do not permit a court to infer more than a mere possibility of misconduct, the plaintiff has not demonstrated his entitlement to relief and has not met his burden to defeat a motion to dismiss.[37] Again, James's reliance of his "feelings" to support his claims fails to raise his entitlement to relief above the "speculative level" necessary to meet his threshold burden to demonstrate his entitlement to relief and survive the pending motion.[38] Therefore, the Court will also dismiss the Section 1983 claim against Champagne for failure to state a claim.

---

[35] *Hafer v. Melo*, 502 U.S. 21, 23-27 (1992).

[36] *Brooks*, 84 F.3d at 165.

[37] *Ashcroft*, 556 U.S. at 678-79.

[38] *Twombly*, 550 U.S. at 555-56.

### C. Remaining State Law Claims and Pendant Jurisdiction

Defendants have also requested that this Court dismiss James's state law claims "as prescribed and/or for want of jurisdiction," and have also asserted that James would not be able to carry his burden on these claims at trial.[39] As the exact nature of James's potential state law claims is unclear, this Court will not dismiss them as prescribed. As for this Court's jurisdiction, Defendants misstate the implications of James's federal claims being dismissed.

This Court has pendant, or supplemental, jurisdiction over James's state law claims pursuant to 28 U.S.C. § 1367. However, 28 U.S.C. § 1367(c)(3) specifically grants district court's the discretion to retain or decline supplemental jurisdiction once it has dismissed all claims over which it has original jurisdiction, such as James's Section 1983 claims.[40] While this Court has the authority and discretion to hear James's potential state law claims, this Court is also conscious of the United States Supreme Court's instruction that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."[41] Therefore, this Court will dismiss without prejudice any state law claims James may have arising from this incident so that he may refile these claims in the appropriate state court.[42] While

---

[39] Rec. Doc. 4-1 at p. 8.

[40] *See Cudd Pressure Control Inc. v. Roles*, 328 F. App'x 961, 966 n. 2 (5th Cir. 2009)

[41] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

[42] *Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999) ("When a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims. However, the dismissal of the pendent claims should expressly be without prejudice so that the plaintiff may refile his claims in the appropriate state court.") (internal citation omitted).

Defendants state that James could not satisfy his burden on these claims at trial, that is not an appropriate determination for this Court to make on a motion to dismiss.

### V. Conclusion

Plaintiff James's complaint fails to include sufficient factual allegations to support his federal claims against Defendants under Section 1983. Therefore, the Court will dismiss these claims with prejudice. The Court will exercise its discretion under 28 U.S.C. § 1367(c)(3) and dismiss James's related state law claims without prejudice. Accordingly,

**IT IS HEREBY ORDERED** that Defendants Motion to Dismiss Complaint for Failure to State a Claim on Which Relief May Be Granted Pursuant to Fed. R. Civ. P. 12(b)(6)[43] is **GRANTED IN PART** and **DENIED IN PART**;

**IT IS FURTHER ORDERED** that James's claims against Defendants under Section 1983 are **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that any related state law claims, whether expressly plead in the complaint or not, are **DISMISSED WITHOUT PREJUDICE**, so that James may refile such claims in the appropriate state court.

**NEW ORLEANS, LOUISIANA**, this 23rd day of April, 2013.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[43] Rec. Doc. 4.